## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CHESAPEAKE ENERGY CORPORATION; | : | Civil Action No. _____ |
| CHESAPEAKE APPALACHIA, L.L.C.; | : | |
| CHESAPEAKE OPERATING, L.L.C.; | : | |
| CHESAPEAKE ENERGY MARKETING, L.L.C.; | : | |
| ANADARKO PETROLEUM CORPORATION; | : | |
| and ANADARKO E&P ONSHORE, LLC, | : | |
| | : | FILED ELECTRONICALLY |
| Defendants. | : | |

## DEFENDANTS' JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants

Chesapeake Energy Corporation, Chesapeake Appalachia, L.L.C., Chesapeake

Operating, L.L.C., Chesapeake Energy Marketing, L.L.C., Anadarko Petroleum

Corporation, and Anadarko E&P Onshore, LLC hereby remove to this Court the

action styled *Commonwealth of Pennsylvania v. Chesapeake Energy Corporation,*

*et al.*, Case No. 2015IR0069, in the Court of Common Pleas of Bradford County,

Pennsylvania (the "State Court Action"). Defendants remove this case on the basis

of this Court's original federal question jurisdiction under 28 U.S.C. § 1331 and

the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

The Pennsylvania Attorney General has filed three complaints in the State Court Action. In her latest complaint, the Attorney General alleges for the first time that Defendants violated the Sherman Act, 15 U.S.C. § 1, and the Federal Trade Commission Act, 15 U.S.C. § 45, thereby providing this Court with federal question jurisdiction.

- In her initial complaint, the Attorney General did not assert any antitrust claims.

- In her First Amended Complaint, the Attorney General asserted antitrust claims under Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.* (the "Consumer Protection Law") and purported antitrust common law. Defendants filed preliminary objections seeking dismissal of the antitrust claims (and the entire action) making the indisputable argument that Pennsylvania does not have a state antitrust statute (as all other states do) and that the Attorney General could not otherwise state her antitrust claim pursuant to the Consumer Protection Law or state common law. The Attorney General did not respond to the preliminary objections but instead filed her Second Amended Complaint ("SAC").

- In the SAC, under the guise of Pennsylvania's Consumer Protection Law, the Attorney General now for the first time asserts that certain joint venture endeavors among Defendants constituted a *per se* violation of the Sherman Act and a violation of the Federal Trade Commission Act, thus establishing federal question jurisdiction.

It bears emphasis that this is the first time in the history of the Commonwealth of which Defendants are aware that the Attorney General has sought to assert antitrust claims in state court, necessarily invoking the Sherman Act because Pennsylvania has no antitrust statute. The Attorney General has

heretofore prosecuted antitrust claims *only* in federal court, where jurisdiction to interpret the governing statutes is ***exclusive***.  It also bears emphasis that the Attorney General alleged violations of the Sherman Act and the Federal Trade Commission Act ***only after*** Defendants made clear in their preliminary objections that there can be no state antitrust claim under Pennsylvania law.  The Attorney General's invocation of federal law requires that this case be heard in federal court.

To be sure, Defendants dispute the Attorney General's novel claim, which presents significant issues for the oil and gas industry, oil and gas royalty owners, and federal antitrust law nationwide.  But whatever the merit of this claim, one thing is clear – it is predicated on alleged federal statutory violations that support removal here under a long line of decisions that establish federal jurisdiction over purported state law claims raising substantial issues of federal law.  In support of removal, Defendants state as follows:

## I.     THE STATE COURT ACTION

1.     On December 9, 2015, the Commonwealth of Pennsylvania, through the Office of the Attorney General ("Attorney General") filed a Civil Complaint in Case No. 2015IR0069 in the Court of Common Pleas of Bradford County, Pennsylvania.  In response to preliminary objections, the Attorney General amended her Complaint twice, submitting the First Amended Complaint on

February 8, 2016 and the Second Amended Complaint on May 3, 2016 (the "SAC").

2.      The original complaint did not assert any antitrust theories or claims. The First Amended Complaint added the Anadarko Defendants[1] to the State Court Action and added allegations regarding an alleged market allocation agreement between the Chesapeake Defendants and the Anadarko Defendants.  The Attorney General asserted two state law theories of relief related to the alleged market allocation agreement. *First,* the Attorney General claimed that the alleged failure to disclose the alleged agreement violated the Pennsylvania Consumer Protection Law. *Second,* the Attorney General claimed that the alleged market allocation agreement violated Pennsylvania antitrust common law.  The First Amended Complaint asserted no federal claim and invoked no federal law.

3.      Defendants filed preliminary objections, raising the obvious points that: (1) Pennsylvania lacks an antitrust statute for the Attorney General to enforce and the Pennsylvania legislature has rejected passage of such a statute more than twenty times in part because federal law provides the available recourse; (2) the Consumer Protection Law is not an antitrust statute; (3) the Attorney General has historically prosecuted antitrust violations **only** through federal law, not state law; (4) the Attorney General lacks authority to enforce antitrust common law; and

---

[1] All capitalized terms not defined herein shall have the meaning ascribed in the SAC.

(5) the Pennsylvania antitrust common law, such as it is, does not provide for the cause of action and the damages the Attorney General seeks.

4.      In response to Defendants' dispositive arguments, the Attorney General did not attempt to justify her pleading or legal authority for these claims under state law.  Instead, she invokes federal law.  In the SAC, the Attorney General adds a new antitrust count alleging that Defendants violated the Sherman Act and packages this substantial federal question in a novel Consumer Protection Law claim.  *See* SAC ¶ 230.  The pleading history shows clearly that this invocation of federal law is a necessary predicate to the Attorney General's claim for monetary relief on this antitrust claim.  The claim was added to remedy the obvious defects in the Attorney General's spurious state law antitrust claims in the First Amended Complaint.

5.      Consequently, the State Court Action became removable on May 3, 2016 when the Attorney General served the SAC alleging, for the first time, that the Joint Venture Defendants violated federal law as a necessary predicate for a purported Consumer Protection Law claim.  *See* SAC, Count III.

6.      Copies of all process, pleadings, and orders served upon Defendants are attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a).

7.     Removal is timely because Defendants filed this Notice of Removal within thirty (30) days of their receipt of a copy of the SAC.  *See* 28 U.S.C. § 1446(b)(3).

## II.     SUBJECT MATTER JURISDICTION

8.     This Court has original and supplemental jurisdiction over this case under 28 U.S.C. §§ 1331 and 1367.  Count III in the SAC "arises under" federal law because the Attorney General alleges that the Joint Venture Defendants violated Section 1 of the Sherman Act and Section 5 of the Federal Trade Commission Act, with each federal violation constituting a basis for the alleged state Consumer Protection Law claim in Count III.  Accordingly, the SAC pleads a substantial question of federal law warranting this Court's exercise of federal question jurisdiction.  *See, e.g., Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning,* __ S. Ct. __, No. 14-1132, 2016 WL 2842450 (May 16, 2016); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005); *TGAS Advisors, LLC v. Zensights, LLC,* No. 16-1870, 2016 WL 2594643 (E.D. Pa. May 5, 2016).

9.     "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by

Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1064-65 (2013) (citing *Grable*, 545 U.S. at 314).  These four elements are all met here.

10.    Where the Sherman Act is invoked as a necessary predicate for a state consumer protection law claim, removal under the substantial federal question doctrine is proper.  *See, e.g., Nat'l Credit Reporting Ass'n, Inc. v. Experian Info. Sols., Inc.*, No. C04-01661 WHA, 2004 WL 1888769, at *5 (N.D. Cal. July 21, 2004) (upholding removal of purported California consumer protection law claim expressly premised on "federal antitrust laws," meaning the Sherman Act). Alternative state law theories that lack viability do not defeat federal jurisdiction. *Id.* (removal proper despite plaintiff's alternative invocation of state antitrust statutory claim where state claim not viable).

11.    The federal issues that will confront this Court are substantial, raise pure questions of law, and will have significant ramifications for joint ventures across all industries, including the oil and gas industry.  The Attorney General alleges that conduct undertaken by the joint venturers is subject to *per se* condemnation under federal law.  Joint ventures are prevalent throughout the United States and abroad, and are especially significant to the oil and gas industry due, in part, to the capital-intensive nature of the business.  "In order to compete in modern markets, competitors sometimes need to collaborate.  Competitive forces are driving firms toward complex collaborations to achieve goals such as

expanding into foreign markets, funding expensive innovation efforts, and lowering production and other costs. *Such collaborations are often not only benign but procompetitive.*" Fed. Trade Comm'n & Dep't of Justice, *Antitrust Guidelines for Collaborations Among Competitors* at 1 (2000) (emphasis added).

12.     Federal antitrust law dictates that such joint ventures – including ones with alleged market allocation provisions – be analyzed under the rule of reason, not subjected to *per se* condemnation. *Texaco Inc. v. Dagher*, 547 U.S. 1, 6 (2006) ("When two [joint venture] partners set the price of their goods or services they are literally 'price fixing,' but they are not *per se* in violation of the Sherman Act." (citation omitted)); *Augusta News Co. v. Hudson News Co.*, 269 F.3d 41, 48 (1st Cir. 2001); *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 345 (3d Cir. 2010); *Rothery Storage & Van Co. v. Atlas Van Lines, Inc.*, 792 F.2d 210, 229-30 (D.C. Cir. 1986); *U.S. Lines, Inc. v. Fed. Maritime Comm'n*, 584 F.2d 519, 530 (D.C. Cir. 1978). Yet the Attorney General asserts that Defendants violated the Consumer Protection Law by violating the Sherman Act and that their alleged joint venture activities constituted a *per se* violation of the federal law, with sweeping implications for the oil and gas and other industries that routinely enter into joint ventures. Defendants dispute that the *per se* rule would apply and they dispute that there was any violation of federal law.

13.     Congress recognized the need for effective and expert application of federal antitrust principles when it granted exclusive jurisdiction over Sherman Act claims to federal courts. *See* 15 U.S.C. § 15c; *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 893 (3d Cir. 1977) ("Congress had conferred exclusive jurisdiction in the federal courts for Sherman Act claims.").

14.     As noted above, Pennsylvania does not have an antitrust statute. The Attorney General has historically prosecuted antitrust claims in federal court under federal statutes, including the Sherman Act she invoked here. Therefore, removing the State Court Action to this Court will not disrupt, but rather, will preserve the proper state-federal balance in this action.

15.     The Attorney General included the Pennsylvania "antitrust common law" in Count III as a purported additional ground for relief, but this is no more than a transparent attempt to manipulate this Court's jurisdiction and deny Defendants their right to a federal forum based on the substantial federal question. Indeed, the insertion of "antitrust common law" into Count III is entirely redundant of the Attorney's General's separate claim in Count V for alleged violation of the same "antitrust common law" as a result of the same alleged conduct, and the only reason to insert the same theory into Count III is to try to escape this Court's review of a substantial federal question. *See, e.g., US LEC Commc'ns LLC v. Qwest Commc'ns Co.*, No. 10-4106, 2011 WL 2474262, at *4 (D.N.J. June 20,

2011) (redundant pleading not permitted); *Buchanan v. Del. Valley News*, 571 F. Supp. 868, 870 n.1 (E.D. Pa. 1983) ("[T]his Court will not permit plaintiffs to manipulate their pleadings in such a way as to deprive defendants of their right to a federal forum."); *Oliver v. Lewis*, 891 F. Supp. 2d 839, 843-44 (S.D. Tex. 2012) ("[A] court should 'consider whether the plaintiff has attempted to manipulate the forum' . . . and should 'guard against forum manipulation.'" (citation omitted)).

16.    The Attorney General's transparent effort to manipulate jurisdiction is made even more plain by her self-serving disavowal of any federal claims, SAC ¶ 14, in the same pleading in which she expressly invokes the Sherman Act and the Federal Trade Commission Act as necessary predicates for her claim for damages, *id.* ¶ 230.

17.    The Attorney General's effort to defeat federal jurisdiction also fails because her "antitrust common law" theory as a predicate for a Consumer Protection Act claim is obviously not viable.  In addition to all of the reasons set forth in paragraph 3 above, this Court has jurisdiction, and should disregard the Attorney General's invocation of state common law in Count III of the SAC, because there is no cause of action under the Consumer Protection Law for violation of "antitrust common law."  Courts routinely disregard spurious state law claims interposed to defeat federal jurisdiction. *See, e.g., Experian*, 2004 WL 1888769, at *5 (removal proper despite plaintiff's alternative invocation of state

antitrust statutory claim where state claim not viable); *Wiley v. Trendwest Resorts, Inc.*, No. C 04-432 SBA, 2005 WL 1030220, at *5 (N.D. Cal. May 3, 2005) (upholding removal because plaintiff's state-law theory was not viable and plaintiff could only proceed under federal law theories); *Nero v. BAE Sys., Inc.*, No. C 13-4271 PJH, 2013 WL 6188762, at *6 (N.D. Cal. Nov. 25, 2013) (concluding removal was appropriate because "there is no independent state theory that supports plaintiff's contention"); *see also Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (noting, in determining substantial federal question jurisdiction, that courts consider theories "on which a claim could *succeed*, not alternative ways in which a claim could *fail*"); *Stutzle v. Rhone-Poulenc SA*, 2003 WL 22250424, at *1 (Ct. Com. Pl., Phila. Cnty. 2003) (recognizing that no court in Pennsylvania has recognized a common law antitrust claim for damages); *XF Enters., Inc. v. BASF Corp.*, 47 Pa. D. & C.4th 147, 149-51 (Ct. Com. Pl., Phila. Cnty. 2000) (same).

18. The Attorney General's attempt to transform the Consumer Protection Law into a state antitrust statute by incorporating state "antitrust common law" is undermined by her own statements that there is no state antitrust statute. *See, e.g.,* Dan Packel, *Pa. Sen. Proposes Antitrust Law As State Lags Behind Others*, Law360, Mar. 15, 2013, http://www.law360.com/articles/424213/pa-sen-proposes-antitrust-law-as-state-lags-behind-others ("'Attorney General Kane was thrilled to

assist Sen. Greenleaf on this important project,' said spokesman Dennis Fisher. '*Pennsylvania is the only state that does not have an antitrust statute.*'" (emphasis added)). Indeed, Defendants have not identified a single reported decision in which the Attorney General asserted a claim under Pennsylvania antitrust common law, much less under the guise of the Consumer Protection Law.

19.    The remaining state law claims in the SAC arise from the same case or controversy as the federal claim and, therefore, are within this Court's supplemental jurisdiction.  28 U.S.C. § 1367; *see, e.g., New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1509 (3d Cir. 1996); *Christopher v. First Mut. Corp.*, No. CIV.A. 05-01149, 2006 WL 166566, at *5 (E.D. Pa. Jan. 20, 2006).

20.    For the foregoing reasons, the State Court Action may be removed to this Court under 28 U.S.C. § 1441(a).

### III.    TIMELINESS OF REMOVAL

21.    As required by 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within thirty (30) days of Defendants' receipt of the SAC on May 3, 2016, the first pleading from which Defendants could ascertain that the State Court Action is removable.

## IV.   OTHER PROCEDURAL REQUIREMENTS

22.   Defendants file this Notice of Removal in the United States District Court for the Middle District of Pennsylvania, which is the district within which the State Court Action was pending.  *See* 28 U.S.C. §§ 1441(a), 124(a)(2).

23.   Defendants jointly file this Notice of Removal and, therefore, consent to removal, as required by 28 U.S.C. § 1446(b).

24.   Pursuant to Federal Rule of Civil Procedure 7.1, the corporate disclosures of the Chesapeake Defendants are attached as the following exhibits: Chesapeake Energy Corporation (Exhibit B); Chesapeake Appalachia, L.L.C. (Exhibit C); Chesapeake Operating, L.L.C. (Exhibit D); and Chesapeake Energy Marketing, L.L.C. (Exhibit E).  The corporate disclosure statements of the Anadarko Defendants will be forthcoming.

25.   Promptly following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

26.   Defendants will promptly file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Bradford County, Pennsylvania, where the State Court Action was pending, as required by 28 U.S.C. § 1446(d).

27.   By removing this action to this Court, Defendants do not waive any defenses, objections, or motions under state or federal law.

## V.   CONCLUSION

For the foregoing reasons, Defendants hereby remove the State Court Action to this Court, in accordance with 28 U.S.C. §§ 1441 and 1446.  Defendants respectfully request that this Court assume jurisdiction over this action and that all further proceedings in the State Court Action be stayed.

Dated:  May 27, 2016

Respectfully submitted,

/s/ Daniel T. Brier

*Of counsel*:

Ronald A. Sarachan (Pa. I.D. No. 59448)
    (*pro hac vice* forthcoming)
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: (215) 988-2700
ronald.sarachan@dbr.com

*Counsel for Defendants Chesapeake
Appalachia, L.L.C. and Chesapeake
Operating, L.L.C.*

Daniel T. Donovan
    (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, D.C. 20005
ddonovan@kirkland.com

*Counsel for Defendant Chesapeake
Energy Corporation*

Daniel T. Brier (Pa. I.D. No. 53248)
MYERS BRIER & KELLY, LLP
425 Spruce Street
Suite 200
Scranton, PA 18503
Tel: (570) 342-6100
dbrier@mbklaw.com

*Counsel for Defendants Chesapeake
Energy Corporation, Chesapeake
Appalachia, L.L.C., Chesapeake
Operating, L.L.C., and Chesapeake
Energy Marketing, L.L.C.*

*Signature block continues on next page*

- 15 -

/s/ Jared D. Bayer (with permission)

Jared D. Bayer
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
jbayer@cozen.com

George A. Bibikos
COZEN O'CONNOR
17 North Second Street
Suite 1410
Harrisburg, PA 17101
gbibikos@cozen.com

Milton A. Marquis (*pro hac vice* forthcoming)
Ann-Marie Luciano  (*pro hac vice* forthcoming)
COZEN O'CONNOR
1200 19th Street, NW
3rd Floor
Washington, D.C. 20036
mmarquis@cozen.com
aluciano@cozen.com

*Counsel for Defendants Anadarko Petroleum Corporation
and Anadarko E&P Onshore, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2016, a true and correct copy

of the foregoing was served upon the following by first-class U.S. Mail:

Joseph S. Betsko, Senior Deputy Attorney General
Norman W. Marden, Deputy Attorney General
Office of the Attorney General
Antitrust Section
14th Floor, Strawberry Square
Harrisburg, PA  17120
jbetsko@attorneygeneral.gov
nmarden@attorneygeneral.gov
*Counsel for Plaintiff Commonwealth of Pennsylvania*


/s/ Daniel T. Brier
Daniel T. Brier