# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA,** | : | CIVIL ACTION NO. 1:16-CV-1012 |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **CHESAPEAKE ENERGY CORPORATION,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 15th day of August, 2016, upon consideration of the motion (Doc. 15) to remand the above-captioned matter to the Court of Common Pleas of Bradford County, Pennsylvania, filed by plaintiff the Commonwealth of Pennsylvania ("the Commonwealth"), and of the supporting and opposing briefs (Docs. 16, 26, 28) submitted in connection therewith,[1] wherein the parties dispute whether the Commonwealth's second amended complaint ("SAC") provides a basis for this court's original jurisdiction, see 28 U.S.C. § 1331, by reason of the Commonwealth's references to the Sherman Act, 15 U.S.C. § 1, and the Federal Trade Commission Act, 15 U.S.C. § 45, within its Unfair Trade Practices and

---

[1] Defendants also filed a joint request (Doc. 29) for oral argument on the Commonwealth's motion (Doc. 15) for remand. The court finds oral argument unnecessary to the disposition of the instant motion. It therefore denies defendants' request.

Consumer Protection Law ("UTPCPL") claim ("Count III"), (see Doc. 16-2 ¶ 230),[2] and the court observing that a state cause of action may "arise under" federal law when a federal issue is "(1) necessarily raised; (2) actually disputed; (3) substantial;" and (4) not disruptive of the federal-state balance if resolved in federal court, see Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013) (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)), that the removing party bears the burden of showing federal jurisdiction is proper, see Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 162 (3d Cir. 2014), and that a court must resolve all doubts "in favor of remand," id., and the court noting that the Commonwealth "expressly . . . disavow[s]" any potential federal claim and pleads that its action is brought "*exclusively* under the common law and statutes of the Commonwealth of Pennsylvania," (Doc. 16-2 ¶ 14) (emphasis added), and that the Commonwealth clarifies that it refers to federal law in Count III merely by "analogy" and for "persuasive value only" as federal jurisprudence relating to the applicable statutory provisions furnishes nonbinding guidance for state courts as to what may constitute a violation under the UTPCPL, (see Doc.16 at 16-18); see also

---

[2] The Commonwealth also asserts that defendants' removal of the instant action was untimely. (See Doc. 16 at 26-28). However, defendants' basis for removal is the Commonwealth's incorporation of certain references to federal law, (see Doc. 1; Doc. 26 at 11-12), which first appear in the SAC. (See Doc. 16-2 ¶ 230). Defendants received the SAC on May 3, 2016 and filed their notice (Doc. 1) of removal within the prescribed 30 day window on May 27, 2016. 28 U.S.C. § 1446(b)(3); (see also Doc. 1; Doc. 26 at 50). Hence, defendants' removal is timely.

Commonwealth, by Creamer v. Monumental Props., Inc., 329 A.2d 812, 817-18 (Pa. 1974), and the court finding that the Commonwealth may, as master of its complaint, elect to so constrain its own action and leave to the state court the determination of the vitality of its state law theories, cf. Byrd v. Frost, No. 08-4949, 2008 WL 5412088, at *4 n.3 (E.D. Pa. Dec. 29, 2008); In re Ciprofloxacin Hydrochloride Antitrust Litig., 166 F. Supp. 2d 740, 751 (E.D. N.Y. 2001); Greer v. MAJR Fin. Corp., 105 F. Supp. 2d 583, 588, 591-94 (S.D. Miss. 2000), and the court concluding that in light of the Commonwealth's disavowal the SAC does not "necessarily raise[ ]" a federal issue, Gunn, 133 S. Ct. at 1065, and that the court therefore lacks jurisdiction, see Manning, 772 F.3d at 163, and further upon consideration of the Commonwealth's motion (Doc. 19) for costs and fees, and the court finding that defendants' removal did not "lack[ ] an objectively reasonable basis," Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005); see also In re Processed Egg Prods. Antitrust Litig., 836 F. Supp. 2d 290, 302-03 (E.D. Pa. 2011), and that an award of costs and fees is thus unwarranted, see Martin, 546 U.S. at 141, it is hereby ORDERED that:

1. Plaintiff's motion (Doc. 15) to remand the above-captioned matter to the Court of Common Pleas of Bradford County, Pennsylvania, is GRANTED.

2. Plaintiff's motion (Doc. 19) for fees and costs is DENIED.

3. This matter shall be REMANDED to the Court of Common Pleas of Bradford County, Pennsylvania.

4. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania